UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case No: 15-CV-20607 King/Torres

KATHLEEN PENA,

    Plaintiff,

vs.

DRODRIGUEZ, LLC, *et al*.

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO DISMISS SECOND AMENDED COMPLAINT [D.E. #110]**

Plaintiff, KATHLEEN PENA ("Plaintiff"), by and through undersigned counsel, hereby files her response to the Motion to Dismiss Second Amended Complaint [D.E. #110] by Defendants, HEAFEY/BENTLEY HOTEL, LLC, P.H. BENTLEY BAY, INC., NOAH RESTAURANT, LLC, HEAFEY/BENTLEY MANAGEMENT, LLC, HEAFEY GRAND, INC., HEAGRAND, INC. and JOHN DOE as Trustee of the JJN IRREVOCABLE TRUST, dated May 13, 2013 (hereinafter "Defendants"), and states:

**OVERVIEW**

Even a cursory review of Plaintiff's Second Amended Complaint reveals that she has pled sufficient facts to state her two (2) causes of action (sexual discrimination under Title VII and the Florida Civil Rights Act). Further, Plaintiff has properly placed each of the Defendants on notice of her theories of liability (single, joint and/or agent employer and/or successors). Nevertheless, Defendants' instant Motion appears to confuse the standard for a motion for

1

summary judgment with the requirements of notice pleading sufficient to put Defendants on notice of Plaintiff's claims. As set forth more fully below, Plaintiff's Second Amended Complaint contains sufficient facts to place Defendants on notice of both her causes of action and her theories of liability. Accordingly, it is respectfully requested that the instant Motion be denied in its entirety.

## ARGUMENT AND MEMORANDUM OF LAW

1. This is an action by Plaintiff under, *inter alia*, Title VII and the FCRA as a result of persistent sexual harassment by Chef Rodriguez in the form of: verbal details of sex with various partners; comments made about Plaintiff's buttocks; acts of a sexual nature offered to be performed upon Plaintiff; encouragement that Plaintiff should prostitute herself with a hotel guest.

2. Plaintiff is a female who at all times material was employed by Defendants as a bar manager/bartender at De Rodriguez Cuba On Ocean from approximately February 2010 to September 2012.

3. As set forth in detail in the Second Amended Complaint, De Rodriguez Cuba On Ocean is/was owned by a complex web of entities that are all owned and/or controlled by PIERRE HEAFEY.

4. Defendants' instant Motion is simply a dilatory tactic. Defendants are well aware of their own control, ownership and responsibility for De Rodriguez Cuba On Ocean and the conduct by Chef Rodriguez.

5. Nevertheless, Defendants chose to file the instant Motion in an effort to further waste the resources of the Court and Plaintiff.

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

6. Moreover, Defendants unfortunately resorted to "cherry-picking" from the Second Amended Complaint to bolster their meritless arguments.

7. Accordingly, Plaintiff has set forth below the relevant paragraphs of the Second Amended Complaint in order to provide the Court with the relevant allegations to defeat the instant Motion.

8. Defendants first argue that Plaintiff has merely stated legal conclusions without providing the specific factual bases for these conclusions. [D.E. #110, p.3.]  That is untrue.

9. Instead, Plaintiff used the factual details that she learned during the several depositions already taken in this case to draft her Second Amended Complaint to concisely link each of the Defendants together as Plaintiff's single, joint and/or agent employer and as successors.

10. Plaintiff's Second Amended Complaint makes the following allegations which contain sufficient facts to place Defendants[1] on notice and support Plaintiff's causes of action:

> 5. DRODRIGUEZ, LLC was Plaintiff's employer and is owned by Defendant HEAFEY/BENTLEY HOTEL, LLC.
> 6. HEAFEY/BENTLEY MANAGEMENT LLC was Plaintiff's employer and is owned by P.H. BENTLEY BAY INC.
> 7. P.H. BENTLEY BAY INC was also Plaintiff's employer and is owned by HEAFEY GRAND, INC.
> 8. HEAFEY/BENTLEY HOTEL, LLC was also Plaintiff's employer.
> 9. **HEAFEY/BENTLEY HOTEL, LLC was during a portion of the relevant time period owned by P.H. BENTLEY BAY INC. which is owned by HEAFEY GRAND, INC.**
> 10. **HEAFEY/BENTLEY HOTEL, LLC is owned in part by JJN IRREVOCABLE TRUST,**
> 11. HEAFEY GRAND, INC. was also Plaintiff's employer and **HEAFEY GRAND, INC. is owned by Pierre Heafey**.
> 12. HEAGRAND, INC. was Plaintiff's employer **and HEAGRAND, INC. is owned by Pierre Heafey.**

---

[1] The Second Amended Complaint defines each of the Defendants as **"Defendants"** and **"Management"**.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

13. NOAH RESTAURANT LLC was also Plaintiff's employer **and is owned in part by Pierre Heafey.** NOAH RESTAURANT LLC is an owner of the fictitious name "De Rodriguez Cuba On Ocean."
14. **JJN IRREVOCABLE TRUST is a 52% owner of Defendant HEAFEY/BENTLEY HOTEL, LLC.**
15. **DRODRIGUEZ, LLC is an owner of the fictitious name "De Rodriguez Cuba On Ocean."**
16. **HEAFEY/BENTLEY HOTEL, LLC is an owner of the fictitious name "De Rodriguez Cuba On Ocean."**
17. **Defendants DRODRIGUEZ, LLC, HEAFEY/BENTLEY HOTEL, LLC, P.H. BENTLEY BAY INC., NOAH RESTAURANT LLC, HEAFEY/BENTLEY MANAGEMENT LLC, HEAFEY GRAND, INC., HEAGRAND, INC. or JJN IRREVOCABLE TRUST were at all times material, Plaintiff's single, joint or agent employer.**
18. **DRODRIGUEZ, LLC, HEAFEY/BENTLEY HOTEL, LLC, P.H. BENTLEY BAY INC., NOAH RESTAURANT LLC, HEAFEY/BENTLEY MANAGEMENT LLC, HEAFEY GRAND, INC., HEAGRAND, INC. or JJN IRREVOCABLE TRUST can be held liable as successor employer(s).**
20. Chef Rodriguez was at all times relevant the Executive Chef of De Rodriguez Cuba On Ocean; was one of Plaintiff's supervisors and the had the authority to direct Plaintiff's actions and working conditions. **Chef Rodriguez was an agent of the corporate Defendants or Plaintiff's employer.**
21. **Daniel Nault is an employee of Defendant HEAGRAND, INC., which is owned by Pierre Heafey, and had operational control of De Rodriguez Cuba on Ocean during the relevant time periods.**
22. **Pierre Heafey controls all of the defendant corporations, is an owner, directly or indirectly of the corporate defendants, directs the actions of Daniel Nault, had the authority to direct Chef Rodriguez's activities related to DRodriguez Cuba and DRodriguez Cuba on Ocean, and was Plaintiff's employer.**
35. Plaintiff reported the persistent sexual harassment by Chef Rodriguez to Management numerous times, however, the persistent sexual harassment continued.
36. Management was present several times when inappropriate sexual comments were made by Chef Rodriguez about Plaintiff, or about other employees, while Plaintiff was present.
37. Management knew or should have known of the persistent sexual harassment of Plaintiff by Chef Rodriguez.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

    38. Plaintiff attempted to mitigate the harm by alerting her supervisors numerous times of the sexual harassment perpetuated on her by Chef Rodriguez.

    39. After reporting the sexual harassment, Plaintiff was told by her Management that Chef Rodriguez's behavior towards Plaintiff was wrong and that something would be done to remedy the problem. However, the sexual harassment by Chef Rodriguez continued.

    40. Management did not take reasonable appropriate action to address the persistent sexual harassment.

D.E. #88-1 (bold and underline added).

    11.    Defendants then incorrectly imply that Plaintiff is required to allege sufficient facts – *at the pleading stage* – that would impose successor liability. [D.E. #110, p.4.]

    12.    However, the simplified notice pleading standard of Fed.R.Civ.P. 8(b)(2) "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) *quoting Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). Thus, to satisfy this standard, pleadings need to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id. quoting Conley*, 355 U.S. at 47.[2]

    13.    Furthermore, the words "successor liability" need not be pled in order to put a defendant on notice that successor liability is or may be an issue. *See Kennedy v. City of Zanesville, Ohio*, 505 F.Supp.2d 456, 481 (S.D. Ohio 2007). *See also La Barbera v. Sweet Hollow Management Corp.*, 2008 WL 111161, *1-2 (E.D.N.Y. 2008)(plaintiff alleged sufficient facts in Complaint including notice to successor and continuity to withstand motion to dismiss under Rule 12(b)(6)).

---

[2] Moreover, the cases cited by Defendants on the issue of successor liability are inapplicable because they do not deal with Title VII claims. *See Bernard v. Kee Mfg. Co. Inc.*, 409 So.2d 1047 (Fla. 1982); *Bud Antle, Inc. v. Eastern Foods, Inc.*, 758 F.2d 1451 (11th Cir. 1985).

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

14.     Defendants then argue that Plaintiff has not alleged sufficient facts to support single, joint or agent employer liability. [D.E. #110. p.5.] However, as set forth above, Plaintiff has sufficiently alleged the facts necessary to satisfy the NLRB factors (interrelation of operations, centralized control of labor relations, common management and common ownership or financial control) *See Fike v. Gold Kist, Inc.*, 514 F. Supp. 722, 726 (N.D. Ala.), *aff'd*, 664 F.2d 295 (11th Cir. 1981).

15.     Moreover, Defendants are well-aware of the deposition testimony of Chef Rodriguez taken on February 23, 2016 (a copy which is attached hereto as **Exhibit "1"**) when he testified that, "Pierre Heafey made all the decisions in the restaurant as far as spending" (p.17, lns. 4-5); that Pierre Heafey's "people" were responsible for keeping the books for the restaurant (p.18, lns. 5-7); Daniel Nault worked for Pierre Heafey (p.25, lns. 17-18); the restaurant and the hotel shared an HR director (p.61, lns. 20-24); Daniel Nault hired and fired employees at the restaurant (p.27, ln.24 – p. 28, ln.2); the general manager of the hotel, John Lacle, was "extremely involved in the operation" of the restaurant and could do, "Anything he wanted to do" with regards to the operation of the restaurant (p.28, lns.3-18); Plaintiff was promoted from bartender to bar manager by Daniel Nault (p.29, lns.9-16); Pierre Heafey gave Chef Rodriguez his work schedule at the restaurant (p.45, lns.19-22); Daniel Nault is Pierre Heafey's "right-hand man" (p.55, ln.5); Daniel Nault was at the restaurant on a daily basis, scheduled and attended weekly manager meetings and was "the boss" (p.55, lns,.5-25); and Daniel Nault led the weekly manager's meetings at the restaurant (p.65, lns.9-12). Similarly, Chef Rodriguez's wife, Nelly Rodriguez testified as follows:

> Q. **Who is Daniel Nault?**
> A. Daniel Nault? Daniel Nault was the person that, when we moved from the Astor location, he was, like -- what do you say? Like, **a right hand for Mr. Pierre Heafey. So Daniel Nault was in charge of the – mostly all whatever was going to be done, you**

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

> **know, daily operations.** You know, we were in charge, but **nothing was going to be done without his approval.** So he was the person that, at the end, would say yes or no. So he was pretty much in control.
> Q. Did he have control over hiring and firing employees?
> A. Yes, sir.
> Q. Did he have control over setting prices and setting menu items?
> A. Yes, he did.

*See* p.28, ln.24–p.29, ln.14, of the February 23, 2016 deposition of Nelly Rodriguez, a copy of which is attached hereto as **Exhibit "2"** (emphasis added). Accordingly, Defendants arguments are without merit.

16. Defendants then argue that Plaintiff has improperly grouped the Defendants together, thereby precluding Defendants from adequately responding to the Second Amended Complaint. [D.E. #110. p.5.] In support of this argument, Defendants incorrectly cite to *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001), which involved an individual who had been in pre-trial confinement in *three (3) separate facilities* and who lumped together all of the defendants in a 58-page Complaint with 146 paragraphs of "General Allegations," that made it impossible for the individual defendants to respond to the Compliant. *Id*. at 1284. Accordingly, the *Magluta* Court found that the Complaint was a "shotgun" pleading: "The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Id*. As the Second Amended Complaint in the case at bar is only eleven (11) pages long and provides detailed facts as to how and why the Defendants are interrelated, *Magluta* is completely inapposite. Similarly, *Beckwith v. Bellsouth Telecoms., Inc.*, 146 Fed. Appx. 368 (11th Cir. 2005), is not helpful here because it involved a *pro se* plaintiff whose fourth amended Complaint made it "virtually impossible to ascertain what factual allegations correspond with each claim and which

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

claim is directed at which defendant." *Id*. at 372.  In stark contrast to *Beckwith*, the Second Amended Complaint in the case at bar concisely and specifically details the bases for the liability of each of the Defendants.  Furthermore, the two (2) Counts of Plaintiff's Second Amended Complaint plainly apply to all of the Defendants.  Moreover, it is particularly significant that neither of the cases cited by Defendants in support of this argument involved single, joint and/or agent employers.  By definition, if more than one individual or entity is to be held liable as a single, joint and/or agent employer, the allegations by the employee must be made against all such individuals or entities.

For the foregoing reasons, Defendants' instant Motion should be denied.

WHEREFORE, Plaintiff respectfully requests that the Court deny the instant Motion in its entirety, award Plaintiff her attorneys' fees expended in responding to the instant Motion, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted on October 11, 2016.

                 s/ Lowell J. Kuvin
                 Lowell J. Kuvin, Esq.
                 Fla. Bar No.:53072
                 lowell@kuvinlaw.com
                 *Law Office of Lowell J. Kuvin*
                 17 East Flagler Street, Suite 223
                 Miami, Florida 33131
                 Tel.: 305.358.6800
                 Fax: 305.358.6808
                 *Attorney for Plaintiff*

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2016 the foregoing document is being served this day on all counsel of record identified on the Service List below via electronic mail.

s/ Lowell J. Kuvin<br>
Lowell J. Kuvin, Esq.

## SERVICE LIST

**Dennis Bedard, Esq.**
1717 N Bayshore Dr Ste 215
Miami, FL 33132-1196
Phone: 305.530.0795
Fax: 305.530.9587
Email: dennisbedard@bellsouth.net

**Thomas J. Butler, Esq.**
Thomas Butler, P.A.
407 Lincoln Road, Suite 300
Miami Beach, Florida 33139
Phone:  (305) 673-3332
Fax:     (305) 538-9065
Email: appellatelaw@bellsouth.net

**Adrian Irias, Esq.**
FL Bar No. 60548
Offices of Garcia-Menocal, Irias & Pastori, LLP
Email: adrian@gmilaw.com
1717 N. Bayshore Drive, Suite 240
Miami, Florida 33132
Office: (305) 400-9652
Direct: (305) 230-4572
Facsimile: (305) 520-0195

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808